IT IS ORDERED

Date Entered on Docket: October 26, 2021



_____
**The Honorable Robert H Jacobvitz
United States Bankruptcy Judge**

_____

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW MEXICO

In re:

CHARLES MICHAEL ROLDAN,            Case No. 21-11044-j13
and AMY NICHOLE LAWRENCE,            Chapter 13

      Debtors.

### STIPULATED AND DEFAULT ORDER GRANTING MOTION OF TRUCK STOP, INC. FOR RELIEF FROM AUTOMATIC STAY AND FOR ABANDONMENT AS TO 2006 HUMMER UNDER 11 U.S.C. SECS. 362(d)(1) and (d)(2)

This matter comes before the Court on *Motion of Truck Stop, Inc. for Relief from Automatic Stay and for Abandonment as to 2006 Hummer under 11 U.S.C. Secs. 362(d)(1), (d)(2) and (f)*, filed September 24, 2021 (Doc. No. 16) (the "**Motion**"). After reviewing the Motion, the record, and the requirements set forth in 11 U.S.C. §362(d), Fed. R. Bankr. P. 4001(a), and being otherwise sufficiently advised,

THE COURT FINDS:

1. On September 1, 2021 (the "**Petition Date**"), Charles Michael Roldan and Amy Nicole Lawrence (the "**Debtors**") commenced this case by filing a voluntary petition under chapter 13 of the Bankruptcy Code.

2. On or about January 26, 2021, Truck Stop and Debtor Roldan entered into a Motor Vehicle Retail Installment Sales Contract and Purchase Money Security Agreement for a 2006 Hummer, VIN 5GTDN136268145634, (the "**Hummer**"), in the original principal amount of $9,074.00. A true and correct copy of the loan documents are attached to the Motion as Exhibit A.

3. Truck Stop perfected its lien in the Hummer by having its name noted as the lienholder on the Title. A true and correct copy of the Title verification is attached to the Motion as Exhibit B.

4. Debtors have not made a payment since June 16, 2021. As of September 2, 2021, the total amount owed to Truck Stop was $8488.60. Debtors have failed to maintain insurance on the Hummer.

5. Truck Stop asserts, and the Debtors did not deny, that according to Kelley Blue Book, the value of the Hummer is estimated to be $4,800.00, at average sale price, depending on condition. It is believed the Hummer has an odometer reading of in excess of 195,000 miles.

6. Truck stop asserts that, post-petition, the Hummer was seized by the Albuquerque Police Department as part of an investigation. Truck stop asserts that the Hummer is still in possession of the Police Department.

7. Truck Stop's interest in the Hummer is not adequately protected because the Hummer is not insured.

8. Paragraphs 12 through 18 of the Motion allege sufficient facts establishing that the automatic stay should be lifted for cause under Sec. 362(d)(1), and further should be lifted under Sec. 362(d)(2), because the Debtors' interest in the Hummer is not necessary to an effective reorganization, no reorganization is possible and there is no equity in the Hummer for

the Debtors or estate. The Debtors' interest in the Hummer is burdensome and of inconsequential value to the estate.

9. On September 24, 2021, Movant served and filed the notice of the filing of the Motion (the "**Notice**"), pursuant to Bankruptcy Rules 9019 and 2002, to all creditors and other parties in interest as shown on the mailing matrix maintained by the Court, specifying an objection period of twenty-one (21) days from the date of the mailing, plus three (3) days based upon service by mail, for a total of twenty-four (24) days.

10. On September 24, 2021, Movant filed the Notice with the Court (Doc. No. 18).

11. The Notice was appropriate in the particular circumstances.

12. On September 27, 2021, the Chapter 13 Trustee filed her *Limited Objection to Motion for Stay Relief by Truck Stop, Inc.* (Doc. No. 21), in which she objected pending further information and documentation. Since that date, the Debtors have failed to file Schedules, Statements and a Ch. 13 Plan, the Debtors failed to appear for the meeting of creditors, the Ch. 13 Trustee has filed her own Motion to Dismiss, (Doc. No. 26), and the Debtors failed to respond to Doc. No. 23, the Clerk's notice of Intent to Dismiss.

13. The objection deadline, including three days added under Bankruptcy Rule 9006(f), expired on or before October 18, 2021;

14. No other objections to the Motion were filed, timely or otherwise;

15. The Motion is well-taken and should be granted as provided herein; and

16. Good cause exists for entry of this Order.

IT IS THEREFORE ORDERED:

A. Truck Stop, Inc. is granted relief from the automatic stay and abandonment of the Hummer, VIN 5GTDN136268145634, such that Truck Stop may exercise its non-bankruptcy law remedies with respect to the Hummer, including, but not limited to, seeking possession from

the Albuquerque Police Department, initiating a state court lawsuit, selling the Wrecker, and applying all such proceeds to the amounts owed to Truck Stop under the loan documents.

      B.     This order shall not be stayed as provided for in Fed. R. Bankr. P. 4001(a)(3).

###END OF ORDER###


Submitted by:

ASKEW & WHITE, LLC

By: *s/ submitted electronically*
    James A. Askew
    1122 Central Ave. SW, Ste. 1
    Albuquerque, NM 87102-3232
    (505) 433-3097 (phone)
    (505) 717-1494 (fax)
    jaskew@askewwhite.com
*Attorneys for Cheap Title Loans, Inc.*


Approved by:

TIFFANY M. CORNEJO
STANDING CHAPTER 13 TRUSTEE

*Approved via email on 10/21/2021*
Tiffany M. Cornejo
625 Silver SW, Ste. 350
Albuquerque, NM 87102
(505)243-1335 (Phone)
(505) 247-2709 (Fax)